UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY J. DURLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAYNE M. ROBINSON, et al.<br><br>    Defendants. | No.  2:21-cv-1495-TLN-KJN PS<br><br>ORDER GRANTING IFP REQUEST & GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1-2) |

Plaintiff is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915.  Plaintiff's affidavit in support of his IFP request makes the required financial showing.  Accordingly, the court grants plaintiff's IFP request.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however.  Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").  Further, federal courts have an independent duty to ensure that

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

federal subject matter jurisdiction exists.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

**Legal Standards**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**The Complaint**

It is difficult to tell from this civil form complaint exactly who plaintiff is trying to sue, and for what.  The caption lists as defendant(s) "WITSEC – 'Shayne M. Robinson' US Marshals Service."  (ECF No. 1 at 1.)  In the party identification section, plaintiff lists two defendants: "WITSEC" and Mercy San Juan Hospital.  (Id. at 2.)  Plaintiff alleges that in 1989, a "crime family" entered his Witness Security Program ("WSP"), and that he has since been receiving "threats, harm, and har[]assment."  (Id. at 5.)  For relief, plaintiff requests that his WSP be "separate[d]" so as to prevent any communication between himself and both "Mrs. Sharon J. Lehman ([a]nd family)" and "Shayne M. Robinson and associates."  (Id. at 6.)

As the basis for this court's jurisdiction, plaintiff checked the box for "Federal question," but in the space for listing the federal laws violated, plaintiff simply states "Human Rights Violations," "Constitutional Rights Violations," and "United Nations [Convention] Against Torture."  (Id. at 4.)

**Analysis**

There are several problems with this complaint which plaintiff must fix if he wishes to move forward with this suit.

*1. Unclear Statement of the Claim*

First, the complaint does not clearly describe the events plaintiff is complaining about, or clearly identify who plaintiff is trying to sue.  Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)). The complaint does not clearly state what happened to plaintiff. There is no explanation of what specific "threats, harm, and har[]assment" plaintiff experienced, when the events at issue occurred, or who did what.

It is also unclear whom plaintiff wishes to hold liable for the harms experienced, or how they were involved in harming plaintiff. For instance, Shayne Robinson is listed in the caption of the complaint, but it is not clear whether this person is meant to be a defendant, or just another actor involved in the events giving rise to this suit. In addition, while the complaint lists Mercy San Juan Hospital as a defendant, the focus of the complaint is on the actions (or perhaps lack of actions) taken by the U.S. Marshal's Service, which operates the WSP. No specific acts are attributed to Mercy San Juan Hospital, although the civil case cover sheet does reflect checkmarks for the Nature of Suit next to "Personal Injury – Medical Malpractice" and "Health Care / Pharmaceutical Personal Injury Product Liability," among others. (ECF No. 1-1.) These checkmarks are not enough to state a claim against the Hospital. See Iqbal, 556 U.S. at 678 ("[M]ere conclusory statements[] do not suffice."). Assuming plaintiff's complaint is directed primarily at the U.S. Marshal's Service, the complaint does not explain what the Marshal's Service did (or did not do), or why plaintiff believes the Marshal's Service had a duty to act differently.

### 2. No Viable Causes of Action

Second, the complaint currently does not identify any viable causes of action over which this court possesses subject matter jurisdiction.

#### a. No Federal Claim Asserted

Although this court has jurisdiction over all claims arising under federal law, this complaint does not identify what specific federal cause of action plaintiff wishes to assert—nor is there enough factual specificity for the court to infer a viable cause of action.

The only sources of law plaintiff mentions in the complaint are (1) "Human Rights Violations," (2) "Constitutional Rights Violations," and (3) "United Nations [Convention] Against Torture." (ECF No. 1 at 4.) These general references to federal and international law are

insufficient.  Plaintiff's vague assertion of "Constitutional Rights Violations" does not specify which constitutional rights plaintiff might be invoking.  Furthermore, relief cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  Plausibility requires that "plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  This complaint does not contain enough factual content to plausibly allege any cause of action against any defendant.

With respect to the U.S. Marshal's Service in particular, the court notes that the level of protection provided to WSP participants is a matter of discretion.  See J.S. v. T'Kach, 714 F.3d 99, 102, 105 (2d Cir. 2013) ("Once a witness is admitted [to the WSP], the type and level of protection afforded is also within the Attorney General's discretion, and may continue for as long as, in the judgment of the Attorney General, the danger to that person exists." (citing 18 U.S.C. § 3521(b)(1))).  Thus, plaintiff would have to explain what legal authority permits the court to interfere with the agency's administration of the WSP.

### b. *No Jurisdiction over State Law Claims*

The complaint's general reference to "threats, harms, and har[]assment" could be construed as raising various tort claims.  But these sorts of personal injury claims typically arise under state law, not federal law, so this court would only have subject matter jurisdiction over those claims in two specific circumstances.  First, the court could have subject matter jurisdiction over the state law claims if the parties were completely "diverse" from each other and the amount in controversy exceeded $75,000.  See 28 U.S.C. § 1332(a)(1).  Complete diversity requires that each plaintiff must be a citizen of a different state from the defendant(s).  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  However, here, there is no indication of the state of residence for Shayne Robinson, even assuming that were the intended target of plaintiff's tort claims.  (ECF No. 1 at 1, 5.)  Alternatively, the court could exercise subject matter jurisdiction over state law claims if they were "so related to" federal claims in the action that they "form part of the same case or controversy."  See 28 U.S.C. § 1367 (supplemental jurisdiction).  However, at this time there are no valid federal claims asserted, so the court cannot exercise supplemental jurisdiction.

       *c.* **Statute of Limitations**

Finally, it is quite possible that any potential claims that plaintiff attempts to allege are time-barred by their requisite statutes of limitations.

Plaintiff states that the alleged harms began in 1989, specifically on "Jan[uary] 22nd." It is unclear from this complaint if the alleged "threats" and "harms" continue presently. Setting aside the above jurisdictional problems, an assault or battery claim in the State of California, for example, requires that a plaintiff sue "within two years" of that harm's occurrence. Cal. Civ. Proc. Code § 335.1. Likewise, a claim against the United States for the torts of its employees must be presented in writing to the employing federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b); see Tunac v. United States, 897 F.3d 1197, 1206 (9th Cir. 2018). Thus, in addition to the problems discussed above, plaintiff will also need to show that whatever causes of action he intends to assert are timely under their respective statutes of limitations.

**Leave to Amend**

In light of plaintiff's self-represented status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim, the court grants plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and must set forth each of plaintiff's claims in separate sections clearly identifying which defendant(s) are allegedly at fault for each claim (for example: Claim I against defendants X, Y, and Z; Claim II against defendants R and S, etc.). Each claim must clearly identify what legal cause of action is being asserted; and within each claim, plaintiff must succinctly specify who did what, when the events occurred, and how plaintiff was harmed by the alleged conduct.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is

filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Within **30 days** of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
3. Failure to file either a first amended complaint or a notice of voluntary dismissal by this deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 12, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

durl.1495