UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY J. DURLIN, | No. 2:21-cv-1495-TLN-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| SHAYNE M. ROBINSON, et al. | |
| Defendants. | |

On October 12, 2021, the court granted plaintiff's application to proceed in forma pauperis but found plaintiff's complaint unsuitable for service.[1] (ECF No. 3.) Plaintiff was given 30 days to file a first amended complaint and cautioned that failure to timely comply with the order could result in a recommendation that this action be dismissed. (Id.) When that deadline passed without any further filings from plaintiff, on November 18, 2021, the court issued an order to show cause why the case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 4.) Plaintiff was given 14 days to respond and was warned that failure to timely comply "will result" in a recommendation of dismissal with prejudice. That extended deadline also passed, with no response from plaintiff. Accordingly, the undersigned now recommends dismissing this case with prejudice under Rule 41(b).

---

[1] Because plaintiff is self-represented, the case is referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C § 636 and Local Rule 302(c)(21).

1

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

After weighing the five factors for determining whether to involuntarily dismiss a case, the court finds that dismissal is warranted. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). This case is being delayed by plaintiff's failure to prosecute, and any defendants against whom a claim might be brought are being deprived of an opportunity to understand that claim and prepare their defense. Without any action by plaintiff, the case may linger on the court's docket indefinitely. Plaintiff's failure to respond in any way to the court's orders leaves little alternative but to recommend dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 8, 2021

durl.1495

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE